## CIRCUIT COURT OF FAUQUIER COUNTY

Richard Thacher
and Norma Thatcher

v.

Michael H. Greene et al.

June 22, 2001

Case No. (Chancery) CH00-298

BY JUDGE JEFFREY W. PARKER

The Court heard argument on four separate motions in regard to the above styled case on June 20, 2001. The Court ruled from the bench that the Motion for an Injunction filed by the complainant was denied and that the Demurrer filed by the complainant against the defendant's Cross-bill was sustained with prejudice. The Court took the Plea in Bar and the Demurrer and the Motion to Transfer to the Law Side of the Court and to strike *lis pendens* filed by the defendants under advisement. The Court wished to review in detail the prior rulings of the Court prior to ruling on these matters.

The Court is now in a position to rule. The defendant alleges that the cause of action is barred by the Statute of Fraud, § 11-2(6), (8).

Section 11-2(6) requires that any contract for the sale of real estate must be in writing. Clearly, there is a detailed written contract between Michael H. Greene and Richard and Norma Thatcher, which was attached to the original Bill of Complaint. Defendant alleges that Mrs. Greene's name does not appear on the contract and that the Statute of Frauds prohibits an action to enforce the sale of this property which is owned as tenants by the entirety between husband and wife. The complainant alleges agency in its Bill of Complaint. There is apparently no written agency agreement, but the complainant indicates that agency can be established through evidence.

A contract between principal and agent for the sale or purchase of real property need not be in writing. See *Morris v. Mosby*, 227 Va. 517, 522 (1984). Due to the fact that this is an evidentiary issue, using the Plea in Bar § 11-2(6) as a basis for barring the action of the plaintiff is denied.

Section 11-2(8) states that a written contract not to be performed within one year must be in writing. There is no indication in the plaintiff's pleading nor in the contract which was appended to the complaint that the contract was not to be performed within one year, and this Plea is also denied.

The defendant, in her Motion to Transfer to the Law Side of the Court and to strike *lis pendens*, asserts that specific performance is not available in a construction contract. The complainant alleges that the property is "90%" completed. During argument on June 20, 2001, Mr. MacMahon proffered in response to Mr. O'Connell's question that the defendants had moved into the property. Apparently, the property, if not completely finished, is habitable.

Further, Judge Hoss dealt with this issue on Demurrer and previously stated that this matter could go forward despite the question of specific performance on partially completed property. Therefore, the Court denies the Demurrer and the Motion to Transfer to the Law Side of the Court and to strike the *lis pendens*.